STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-16-276


THOMAS MAKOWSKI,

                    Plaintiff

v.                                                          ORDER


MAINE STANDARDS CO., LLC,

                    Defendant


Before the court is a motion by defendant Maine Standards Co., LLC to dismiss or stay the above-captioned action and compel arbitration.

In his complaint plaintiff Thomas Makowski alleges that he was employed by Maine Standards as a Sales Manager beginning on December 31, 2011. Among the terms of his employment were that he could telecommute one day per week from his home in New Hampshire.

Makowski alleges that after Maine Standards was acquired by an English company, LGC Science Group Ltd., he signed an employment agreement in November 2015 that included an arbitration clause providing in pertinent part:

> All claims between the Company and Manager with respect to this Agreement shall be resolved by binding arbitration, with all proceedings conducted at the American Arbitration Association's Boston, Massachusetts Regional Office, administered under the rules and regulations of the American Arbitration Association with the Federal Rules of Evidence applicable in all respects thereto.

The employment agreement also contained a provision essentially specifying that Makowski would be entitled to 36 months of severance if he were terminated without cause.

Makowski further alleges that he was terminated on April 1, 2016 for not appearing at work although his absence was necessitated by the need to attend a medical appointment. When he protested that his termination violated his employment agreement and was illegal, he alleges that he was subsequently reinstated on April 25, 2016 but was then subjected to various forms of retaliation for asserting his legal rights, which led to a final termination on June 14, 2016.

He commenced this action on July 12, 2016. The first three causes of action in his complaint are based on claims that Maine Standards breached the November 2015 employment agreement. Count IV of the complaint alleges that Maine Standards violated the Maine Family Medical Leave Act, 26 M.R.S. § 843 et seq., by subjecting Makowski to retaliation for exercising his rights under that Act. Count V of the complaint alleges that Maine Standards also violated the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., based on the alleged retaliation.

Makowski does not contest that Counts I – III of the complaint are subject to arbitration under his employment agreement. The issue before the court is whether Counts IV and V also qualify as "claims with respect to [the employment agreement]" and are therefore also subject to arbitration.

If Makowski's claims were factually severable, the court would be inclined to rule that the agreement to arbitrate claims under Makowski's employment agreement does not apply to separate statutory claims. The express terms of the agreement do not mention statutory claims. On this issue, Makowski cites the First Circuit's decision in *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 170 F. 3d 1, 21 (1st Cir. 1999), for the proposition that an employee should have a minimal level of notice that statutory claims

are subject to arbitration. However, the First Circuit has since suggested that *Rosenberg* is applicable to cases under Title VII, which contains language allowing arbitration where "appropriate" and would not necessarily apply in other contexts. *Awuah v. Coverall North America Inc.,* 703 F.3d 36, 45 (1st Cir 2012).

In any event, the court finds *Rosenberg* to be distinguishable because Makowski's state and federal Family Medical Leave Act claims are factually intertwined with his claims under his employment agreement. As noted above, the complaint alleges that Makowski was allowed to telecommute one day per week under the terms of his employment beginning in 2011. Complaint ¶ 5. All his claims for breach of his employment agreement are based at least in part on action by Maine Standards to end the telecommuting arrangement, which he contends violated the terms of his agreement. Complaint ¶¶ 19, 39, 47, 57.

At the same time Makowski alleges that in May 2013, more than a year after his telecommuting arrangement had been established, he had heart surgery requiring ongoing medical follow up. Complaint § 6. Makowski alleges that he was originally terminated, then reinstated, and then retaliated against because he remained away from the office on one of the allegedly agreed telecommuting days – April 1, 2016 – in order to attend a medical appointment. Complaint ¶¶ 18, 29-30.[1] Makowski's memorandum in opposition to the motion to stay or dismiss also argues that his preexisting telecommuting

---

[1] This is not a typical claim under the Maine or federal Family Medical Leave statutes. Those statutes contemplate that medical leave – either taken in a block or intermittently – consists of unpaid leave unless paid medical leave (or under federal law, paid medical leave or paid vacation time), is used for all or part of the 10 weeks provided under state law or the 12 weeks provided under federal law. *See* 26 M.R.S. § 844(2); 29 U.S.C. § 2612(c), (d)(1), (d)(2)(A). In this case, as the court understands it, Makowski alleges that he was entitled to telecommute on April 1 for a

3

arrangement evolved into an accommodation under the family medical leave statutes to allow him to attend medical appointments near his home in New Hampshire. Plaintiff's Opposition Memorandum dated March 2, 2017 at 2.

Under these specific circumstances the court concludes that Makowski's claims under the state and federal medical leave statutes are also claims "with respect to [the employment agreement]" and that this action shall be stayed to allow arbitration.

The entry shall be:

Defendant's motion to stay this action pending arbitration is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Ru le 79(a).

Dated: June ___, 2017

Thomas D. Warren
Justice, Superior Court

---

necessary medical appointment as part of his overall telecommuting arrangement, without using paid vacation, paid medical leave, or unpaid leave.

Def. Counsel
Rachel Wertheimer Esq
Verrill Dana LLP
PO Box 586
Portland ME 04112-0586

PltF Counsel
Sally Morris Esq
Sally A. Morris Attorney at Law
Six City Center 3rd Floor
Portland ME 04101